DA 07-0504

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 204N

BRAD COWAN,

      Petitioner and Appellant,

  v.

ANNA COWAN,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 05-863
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Brian K. Kohn, Attorney at Law; Billings, Montana

      For Appellee:

          Michelle Renee Lee, Harper & Hilario, Billings, Montana

Submitted on Briefs: May 7, 2008

Decided: June 10, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Brad Cowan (Brad) appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, amending the parenting plan for his and Appellee Anna Cowan's (Anna) minor child.

¶3 Brad and Anna were married in July of 2002 in Louisiana. In December of 2002 Anna gave birth to their son, Byron. Shortly thereafter, the parties relocated to Billings, Montana. The parties divorced in October 2005 and agreed to a parenting plan in 2006 whereby Brad and Anna would alternate physical custody of Byron every three months. When the parties began this rotation schedule Anna resided in Louisiana. However, after spending the first three months away from Byron, Anna relocated to Billings.

¶4 In April of 2007 Anna filed a motion to amend the parenting plan. In her supporting affidavit Anna stated that she was concerned about Byron's well-being because of Brad's past drug use and the possibility of current drug charges stemming from an investigation whereby a pound of mushrooms was removed from Brad's home

2

during a raid in July of 2006 when Byron was present in the home. Anna also alleged that Brad was abusive toward her on multiple occasions.

¶5 Thereafter, the parties entered a stipulation and an interim parenting plan was issued in June, 2007, whereby Byron was to reside with Anna while Brad exercised supervised parenting time on the weekends. The parties also agreed to submit to random drug testing. At the hearing on the motion to amend the parenting plan, held July 27, 2007, Brad admitted that in July of 2006 there was a drug raid on his house during which the police broke down his door and subsequently removed a pound of mushrooms and, that Byron had been present during the raid. Brad also testified about an altercation between the parties.

¶6 Following testimony by other witnesses, the court concluded that it was in Byron's best interests for him to reside primarily with Anna in Louisiana. The court explained its decision and addressed Brad, stating:

> I am sufficiently concerned about A, your drug past, B, your aggressive tendencies, and C, the fact that basically, you work all day. I mean, that's fine, that's good, but where does that leave Byron? I don't find that your ex-wife has nearly the drug past that you do and she doesn't have the aggressive tendencies that you do, and that she actually has more opportunity to give more hands-on, 24-hours a day care to Byron. . . . . I realize that you've told me that you're not in the drug culture anymore, and I hope, I wish I could believe you 100%. I'm concerned that [the] stipulation called for both of you to do a hair follicle test and you haven't done yours, and she has. It's not here in front of me that you are drug free[.]"

3

The court subsequently amended the parenting plan so that Byron would reside primarily with Anna in Louisiana and Brad would have Byron every summer for nine weeks. Brad appeals.

¶7    We review modifications to parenting plans to determine whether the district court's findings underlying the decision are clearly erroneous. *Jacobsen v. Thomas*, 2006 MT 212, ¶ 13, 333 Mont. 323, ¶ 13, 142 P.3d 859, ¶ 13.  If the findings are not clearly erroneous, we will only reverse the district court's decision where there was clearly an abuse of discretion. *Jacobsen*, ¶ 13.

¶8    Brad alleges that the "District Judge relied upon the biased conjecture of unsubstantiated witness testimony by [Anna and g]iven the fact that the District Judge had already found that [Brad] was already a capable, fit father, it was erroneous for the Judge to then modify the parenting plan[.]"  Specifically, Brad argues that Anna's testimony about his drug use and abusive actions were "unsubstantiated and erroneous allegations" making the District Court's findings of fact clearly erroneous.

¶9    A review of the record convinces us that the District Court's findings of fact were substantiated.  Brad admitted that the police broke down his door in a drug raid on his home and admitted that a pound of mushrooms was seized as a result.  Moreover, Brad, unlike Anna, failed to meet the stipulated agreement requiring random hair follicle testing.  With respect to allegations of abusive behavior, the court was in the best position to evaluate the credibility of the witnesses and we will not second guess the court's determination regarding the strength and weight of the conflicting testimony between

4

Brad and Anna. *In re Paternity & Custody of A.D.V.*, 2001 MT 74, ¶ 16, 305 Mont. 62, ¶ 16, 22 P.3d 1124, ¶ 16. The court clearly made a determination to amend the parenting plan based on what was in Byron's best interests.

¶10     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶11     Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS